UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
EDUARDO ROSADO,

                Plaintiff,

    against

CITY OF NEW YORK, POLICE OFFICER HUSAMEDIN
UMER (Shield No. 7309), and JOHN/JANE DOE 1-10
(the names being fictitious as their identities are unknown),

                Defendants.
------------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages and personal property arising out of the violation of Plaintiff Eduardo Rosado's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, as well as the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. Plaintiff filed a satisfactory notice of claim on September 27, 2023.

6. Plaintiff sat for a 50-h hearing on May 7, 2024.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action.

## PARTIES

8. Plaintiff Eduardo Rosado ("Mr. Rosado" or "Plaintiff") is a Hispanic male resident of Bronx County in the City and State of New York.

9. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of Defendant City of New York responsible for the appointment, training, supervision, promotion and discipline

of police officers and supervisory police officers, including the individually named defendants herein.

10. Police Officer Husamedin Umer, Shield No. 7309, ("Defendant Umer"), at all times herein, was an officer, employee and agent of the NYPD (Command PSA 7). Defendant Umer is sued in his individual and official capacities. Upon information and belief, Defendant Umer gave Mr. Rosado at least one summons.

11. At all times relevant herein, defendants John/Jane Doe 1-10 were police officers, detectives, sergeants or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John/Jane Doe 1-10.

12. At all times relevant herein, defendants John/Jane Doe 1-10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John/Jane Doe 1-10 are sued in their individual and official capacities.

13. At all times relevant herein, all of the individual defendants – specifically, Defendant Umer and John/Jane Doe 1-10 (collectively, the "Individual Defendants") – were acting under color of state law.

## STATEMENT OF FACTS

14. On July 27, 2023, in the vicinity of 710 Tinton Avenue, Bronx, New York, at approximately 7:30 p.m., Mr. Rosado was parked in his Acura TSX car on the street.

15. A man in a vehicle approached Mr. Rosado and asked him if he was leaving shortly and if the parking spot would be vacated.

16. Mr. Rosado recognized the man as a neighbor from the building next to his and told him that he would be moving and the spot would be available as soon as his car warmed up.

17. Mr. Rosado rolled up his window.

18. Mr. Rosado witnessed two police officers approach the man who was waiting for the parking spot, one officer on the passenger side of the car and one officer on the driver side. Mr. Rosado observed what appeared to be a debate occurring between the police officers and the driver who was waiting for the parking spot but could not hear the conversation.

19. It took Mr. Rosado about 5-7 minutes to warm up his car.

20. Mr. Rosado informed an NYPD Sergeant ("Sergeant"), one of the John Doe Defendants, that the man waiting for the car that he was about to leave and the spot would be available as he needed the man to move over a little bit so that Mr. Rosado could pull out.

21. Sergeant responded back with profanity: "Don't you see me I am fucking talking."

22. Mr. Rosado asked for Sergeant's name and Sergeant responded, "I don't got no fucking time for this shit."

23. Sergeant was a dark skinned male, short and stocky. As mentioned above, Sergeant is one of the John Doe Defendants.

24. Mr. Rosado was forced to wait 20 minutes in his car until one of the police officers, a Hispanic male police officer, informed Mr. Rosado that he could drive out of the spot at that time. Upon information and belief, the Hispanic male officer is Defendant Umer.

25. Mr. Rosado drove a few feet before he stopped at a red light.

26. While stopped at the red light, the Hispanic male police officer who had just informed Mr. Rosado that he could drive away put on his car siren, walked over to Mr. Rosado's car and asked him for his license and registration. Upon information and belief, the Hispanic male officer is Defendant Umer.

27. Shockingly and without warning, Mr. Rosado was forcibly yanked out of his car by his left arm, slammed his chest, arm and stomach into his car and was arrested.

28. Mr. Rosado repeated "I'm not doing anything" and "why are you arresting me" with no response.

29. While Mr. Rosado was pinned to the front of his car, police officers searched his car without permission.

30. Mr. Rosado was handcuffed and humiliated as his neighbors witnessed this incident.

31. Mr. Rosado was brought to Precinct PSA 7 and after being searched at the scene, in the precinct Plaintiff was thoroughly searched again, and still no drugs or weapons were found to be in his possession.

32. Mr. Rosado was forced to hand over a prized possession, a Prada watch that was given to him by his stepfather shortly before he passed away as a birthday gift, to John Doe 2 in the precinct.

33. Mr. Rosado inquired about a voucher for the item, but was told that he did not need it from John Doe 2.

34. After about five hours of being held at the precinct, Mr. Rosado was released with a ticket for tinted car windows.

35. Even though his other items were returned, Mr. Rosado's watch was never returned to him.

36. Mr. Rosado, worried about his sentimental and expensive item, inquired again and again, but John Doe 2 said they did not have his watch.

37. Mr. Rosado left for the night but went back to Precinct PSA 7 the next day to retrieve his watch.

38. Again, the police officers at the precinct did not return the watch to Mr. Rosado.

39. Roughly two weeks later, the police came to interview Mr. Rosado about the watch, informed him that they were looking for it, but they had not followed up on the investigation and the watch was never returned.

40. The three tickets for tinted car windows were all dismissed.

41. Defendants improperly held onto this property as an abuse of process.

42. Mr. Rosado has still been unable to retrieve his personal property.

43. As a result of this incident, Mr. Rosado suffers from increased fear of police, loss of liberty, emotional distress, anxiety and embarrassment.

## FIRST CLAIM
## FALSE ARREST UNDER 42 USC § 1983

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. The Individual Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

46. The Individual Defendants were acting under color of law.

47. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
## STATE LAW FALSE IMPRISONMENT AND FALSE ARREST

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. By their conduct, as described herein, the Individual Defendants are liable to Plaintiff for falsely imprisoning and falsely arresting Plaintiff.

50. Plaintiff was conscious of his confinement.

51. Plaintiff did not consent to his confinement.

52. Plaintiff's confinement was not otherwise privileged.

53. The Individual Defendants were acting under color of law.

54. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

55. As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiff sustained the damages alleged herein.

## THIRD CLAIM
## BATTERY

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. The Individual Defendants initiated wrongful physical contact with Plaintiff.

58. Plaintiff did not consent to the contact.

59. Defendant City of New York is liable for the actions of the Individual Defendants under the theory of respondeat superior.

60. As a result, Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees, and costs as against all Defendants.

## FOURTH CLAIM
## EXCESSIVE FORCE

61. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

62. The Individual Defendants have deprived Plaintiff of his civil, constitutional and statutory rights and are liable to Plaintiff under 42 USC 1983.

63. The Individual Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that the Individual Defendants used excessive and unreasonable force in effecting the arrest of Plaintiff.

64. The Individual Defendants were acting under color of law.

65. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
## FAILURE TO INTERVENE

66. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

67. Those Individual Defendants who were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

68. Accordingly, the Individual Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

69. The Individual Defendants were acting under color of law.

70. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
## ABUSE OF PROCESS

71. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

72. The vouchering of Plaintiff's property as arrest evidence and investigatory evidence was for a purpose other than to criminally prosecute and convict Plaintiff for his alleged crimes.

73. At the time the Individual Defendants vouchered Plaintiff's property, they were acting under the color of law and in the course and general scope of their employment duties and official duties pursuant to the authority given to them by Defendant City of New York.

74. As a result of the abuse of process, Plaintiff has suffered monetarily the loss of business and the cost of replacing these items.

75. Plaintiff has also suffered emotional damages as a result of the above conduct.

76. At all times herein mentioned, Defendant City of New York was and is vicariously liable for the abuse of process of its employees under the theory of respondeat superior.

77. That by reason of the foregoing intentional, unlawful, malicious, reckless and deliberately indifferent conduct and abuse of process, Plaintiff is entitled to recover the return of his seized property, compensatory damages and punitive damages in an amount to be determined by a jury as against Defendants.

## SEVENTH CLAIM
## <u>CONVERSION</u>

78. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

79. The vouchering of Plaintiff's property as arrest evidence and investigatory evidence was for a purpose other than to criminally prosecute and convict Plaintiff for his alleged crimes.

80. At the time Defendants vouchered Plaintiff's property, they were acting under the color of law and in the course and general scope of their employment duties and official duties pursuant to the authority given to them by Defendant City of New York.

81. At all times herein mentioned, Defendant City of New York was and is vicariously liable for the actions of its employees under the theory of respondeat superior.

82. That by reason of the foregoing intentional, unlawful, malicious, reckless and deliberately indifferent conduct and abuse of process, Plaintiff is entitled to recover the return of his seized property, compensatory damages and punitive damages in an amount to be determined by a jury as against Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

(a) Compensatory damages against all Defendants, jointly and severally;

(b) Injunctive Relief in the form of the return of all Plaintiff's above seized property;

(c) Punitive damages against the Individual Defendants, jointly and severally;

(d) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(e) Such other and further relief as this Court deems just and proper.

Dated: October 4, 2024
New York, New York

MARK A. MARINO, PC

___/s/ Mark Marino_____
Mark A. Marino
4 Stuyvesant Oval, Suite 11G
New York, NY 10009
(212) 748-9552
*Attorneys for Plaintiff*