UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
EDUARDO ROSADO,                                                :
:
                         Plaintiff,              :
:              24-CV-7581 (VSB)
           -against-                                        :
:                  ORDER
CITY OF NEW YORK, *et al.*,                                    :
:
                        Defendants.          :
:
-------------------------------------------------------------- X

VERNON S. BRODERICK, United States District Judge:

       On October 7, 2024, Plaintiff filed this action against Defendant City of New York and Police Officer Husamedin Umer. (Doc. 1.) Plaintiff obtained summonses on October 8, 2024. (Docs. 5, 6.) To date, Plaintiff has not filed an affidavit of service as to Defendant Umer or taken any other action to prosecute this case against Umer.

       Separately, Plaintiff's counsel informed me on November 22, 2024, that he intends to serve Defendant City of New York with a CPL 160.50 Form, as required by Local Civil Rule 83.10, after Plaintiff returns from Puerto Rico in early December of 2024. (Doc. 9.) Plaintiff has not indicated whether Defendant City of New York has been served with the 160.50 Form.

       Accordingly, it is hereby:

       ORDERED that, no later than January 17, 2025, Plaintiff shall submit a letter of no more than three (3) pages, supported by legal authority, demonstrating good cause as to why this case should not be dismissed as to Defendant Umer pursuant to Federal Rule of Civil Procedure 4(m). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (internal

quotation marks omitted). "District courts consider the diligence of plaintiff's efforts to effect proper service and any prejudice suffered by the defendant as a consequence of the delay." *Id.* (internal quotation marks omitted). "An attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause." *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997) (citing *McGregor v. United States*, 933 F.2d 156, 160 (2d Cir.1991), *aff'd*, 173 F.3d 844 (2d Cir. 1999)). Plaintiff is warned that failure to submit a letter and to demonstrate good cause for failure to serve Defendant Umer within ninety days after the complaint was filed will result in dismissal of this action as to Defendant Umer.

ORDERED that, pursuant to Local Civil Rule 83.10, Plaintiff shall serve the 160.50 Release (and, if applicable, the Medical Release) to Defendant City of New York by January 17, 2025. Once served, Plaintiff shall, by no later than January 17, 2025, file a letter informing the Court that the 160.50 Release has been served. Plaintiff's failure to do so may result in dismissal of this action for failure to prosecute.

SO ORDERED.

Dated: January 7, 2025
New York, New York

_____
VERNON S. BRODERICK
United States District Judge